UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| GERALDINE H. SOILEAU | § | Civil No. 04-3655 |
| | § | |
| Debtor. | § | |

## MEMORANDUM AND ORDER

The State of Texas appeals from a Memorandum Opinion and Order denying the State's Motion for Dismissal Based on Sovereign Immunity (the "Motion").

BACKGROUND

Debtor Geraldine H. Soileau was a licensed bail bondsman who incurred substantial liability to the State because she had served as surety on criminal bail bonds for criminal defendants who subsequently absconded.  In her bankruptcy schedules, Debtor listed bail bond forfeiture judgments owed to the State, and sought to discharge those obligations.

The State filed its Motion arguing that the bankruptcy court does not have jurisdiction to discharge Debtor's obligations to the State because of the sovereign immunity afforded states by the Eleventh Amendment.  The State relied, in the bankruptcy court, and here, on *In the Matter of Estate of Fernandez*, 123 F.3d 241, 246 (5th Cir. 1997), in which the court held that Congress did not have the power, pursuant to the bankruptcy clause of Article I of the Constitution, to abrogate state sovereign immunity.  The bankruptcy court denied the Motion primarily relying on *Tennessee Student Assistance Corp. v. Hood*, 124 S.Ct. 1905 (2004), in which the Supreme Court held that a bankruptcy discharge of a student loan debt does not

implicate Eleventh Amendment immunity.

DISCUSSION

The bankruptcy court, as well as the parties, have been careful to note that the Supreme Court, in *Hood* did not decide the question whether the bankruptcy clause of Article I, or congressional action thereunder, could abrogate, or has abrogated, states' Eleventh Amendment immunity. 124 S.Ct. at 1913, n.5. But the Court's reasoning does strongly suggest that debts owed the states from contractual obligations can generally be discharged in bankruptcy.

Moreover, binding Fifth Circuit precedent makes clear "under the present structure of the Texas bail bond system the role of the surety is essentially contractual." *Hickman v. State of Texas,* 260 F.3d 400, 406 (5th Cir. 2001). Although *Hickman* is distinguishable from this case in that the State voluntarily appeared in the bankruptcy proceeding and did not assert sovereign immunity, that distinction does not attenuate the holding that the nature of a bondsman's obligation to the State is contractual.

The State believes *Hickman* to be wrongly decided. In particular, the State believes *Hickman* to have misapprehended authoritative decisions of Texas state courts as to the nature of a bondsman's obligation to the State. The State — not unreasonably — argues that the obligations of a bail bondsman to the State are much different from the obligation of a student borrower to the state entity that holds the pertinent debt instrument.

Nonetheless, this Court — mindful of its inferior status relative to the court of appeals — cannot ignore or creatively curtail the Fifth Circuit's holding in *Hickman*.

The decision of the bankruptcy court is AFFIRMED.

IT IS SO ORDERED.

SIGNED the 3rd day of June, 2005.


Keith P. Ellison
United States District Judge


**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY
AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN
SENT ONE BY THE COURT.**